UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

MARIE WECHSBERG

    Plaintiff,

V.                                        CIVIL ACTION NO

FEDERAL RECOVERIES

Defendant.                          MARCH 7, 2011

## COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); The Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq. and Maryland's Wiretapping and Electronic Surveillance Act, Md. Code Ann., Cts. & Jud. Proc. § 10-402.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331 and 1367.

3. Plaintiff is a natural person who resides in Bowie, Maryland.

4. Plaintiff is a consumer within the FDCPA.

5. Defendant is a debt collector within the FDCPA and has a place of business located at 8625 Transit Road, Suite #7, Amherst, NY 1405.

6. Defendant is an unlicensed collector within the MCDCA.

7. Defendant communicated with Plaintiff on or after one year before the date of this action, in connection with collection efforts with regard to Plaintiff's disputed personal debt. (See Exhibit 1)

7. Defendant communicated with Plaintiff numerous times in an attempted to collect a debt that the plaintiff disputes.
8. Plaintiff advised the Defendant that she disputed this debt.
9. Defendant advised the Plaintiff that she could not dispute her debt, in violation of §1692g and §1692e.
10. Defendant failed to provide the required notice pursuant to 1692e (11) in every oral communication the Defendant had with the Plaintiff.
11. Based upon information and belief, Defendant failed to report a known disputed debt to the Credit Reporting Agencies, despite being notified by the Plaintiff of her dispute in violation of §1692e (8).
12. Defendant failed to obtain the required collection agency license required by the State of Maryland.
13. Defendant was attempting to collect a pay day loan from the Plaintiff despite an advisory notice sent out by the Maryland Collection Agency Licensing Board, dated July 20, 2009. (Attached as Exhibit 2).
14. Defendant attempted to collect on an illegal pay day loan and represented the wrong character, amount, or legal status of the alleged debt in violation of §1692e (2)(A).
15. Defendant has inadequate procedures in place to avoid such error.

16. In the collection efforts, the Defendant violated the FDCPA; inter alia, section 1692e, f, and g.

## SECOND COUNT

17. The allegations of the First Count are repeated and realleged as if fully set forth herein.

19. Within three years prior to the date of this action Defendant collection agency has engaged in acts and practices as to plaintiff in violation of the Md. Ann. Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq. ("MCDCA"); including failing to obtain a current Collection Agency License.

20. Defendant knowingly or negligently attempted to enforce a right with knowledge that the right does not exist in violation of §14-202 (8).

21. Defendant a un-licensed collection agency has committed unfair or deceptive acts or practices within the meaning of the Md. Ann. Code Commercial Law Consumer Practices Act § 13-301 et seq.

## THIRD COUNT

22. The allegations of the First Count are repeated and realleged as if fully set forth herein.

23. Under Maryland's Wiretapping and Electronic Surveillance Act, it is unlawful to tape record a conversation without the permission of all the parties.

24. Defendant knowingly taped recorded a conversation without disclosing the conversation was being recorded with an employee of The Kennedy Law Firm.

25. Defendant knew it was illegal to tape the communication without consent from all participants, MD. Code Ann., Cts. & Jud. Proc. § 10-410.

**WHEREFORE Plaintiff respectfully requests this Court to:**

1. Award Plaintiff statutory damages pursuant to the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.;

2. Award Plaintiff Statutory damages pursuant to Maryland Consumer Debt Collection Act § 14-204 et seq;

3. Award Plaintiff statutory damages pursuant to the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq;

4. Award Plaintiff statutory damages pursuant to MD. Code Ann., Cts. & Jud. Proc. § 10-410.

5. Award the Plaintiff costs of suit and a reasonable attorney's fee;

6. Award and such other and further relief as this Court may provide.

THE PLAINTIFF

BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com